UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ONEIDA LOPEZ,                                              CASE NO.:

       Plaintiff,
vs.

CITIMORTGAGE, INC.,
a Foreign Corporation,

       Defendant.
_____/

### NOTICE OF REMOVAL BY DEFENDANT CMI[1]

Defendant CMI removes the action pending in the Circuit Court in and for the Eleventh Judicial Circuit, Miami-Dade County, Florida (the **State Court**), as case number 2015026953CA01. The State Court is within the Southern District of Florida, and within this division. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331. At least one cause of action arises under the laws of the United States. The Court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

### I. Procedural Compliance

This notice is timely. *See* 28 U.S.C. § 1446(b). Plaintiff Oneida Lopez filed her complaint on or about November 18, 2015. A copy of the summons and Complaint was served on CMI on December 10, 2015. This constituted the first legal notice for purposes of removal. Copies of process, pleadings, and orders filed in the State Court are attached as **Composite Exhibit A** in compliance with 28 U.S.C. § 1446(a).

---

[1] **CMI** abbreviates defendant CitiMortgage, Inc.

{37011001;1}

The Complaint seeks damages for CMI's alleged violation of the Real Estate Settlement Procedures Act (**RESPA**) and implementing Regulation X, as well as for purported negligence per se for those alleged violations. Ms. Lopez has demanded a jury trial.

Contemporaneous with the filing of this notice of removal, CMI served Ms. Lopez with a notice of filing notice of removal as required by 28 U.S.C. § 1446(d). A copy of that notice (without exhibits) is attached as EXHIBIT B. The original of that notice, with exhibits, is being filed with the clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

## II. SUMMARY OF THE GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

This is a civil action over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. *See Liebman v. Deutsche Bank Nat'l Trust Co.*, 462 Fed. Appx. 876, 878 (11th Cir. 2012) ("A claim premised on federal-question jurisdiction is removable without regard to the citizenship or residence of the parties."). There is no amount-in-controversy requirement when subject matter jurisdiction is predicated on federal question grounds. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (U.S. 2012) ("Congress in 1980 eliminated the amount-in-controversy requirement in federal-question (but not in diversity) cases.").

Ms. Lopez's first cause of action seeks damages for alleged violations of RESPA and Regulation X. RESPA is a federal statute. Ms. Lopez's first cause of action indisputably arises under the laws of the United States. As such, this Court has jurisdiction over the first cause of action pursuant to 28 U.S.C. § 1331.

B. **Supplemental Jurisdiction**

The state law claim for negligence per se—which by definition is a form of ordinary negligence that results from the violation of a statute[2]—is inextricably intertwined with, and forms part of the same case or controversy as the federal claim. As such, this Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a). *See City of Chicago* v. *International Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); and *Design Pallets, Inc.* v. *Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1284 (M.D. Fla. Oct. 7, 2008) (district court had supplemental jurisdiction over state law claims where there was subject-matter jurisdiction over federal claims).

### III. CONCLUSION

Removal is proper because the claims fall within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. CMI has met all procedural requisites for removal, and

[Remainder of page left blank.]

---

[2] Black's Law Dictionary, 1035 (6th Ed. 1990).

this notice is timely filed. CMI requests this Court take jurisdiction and conduct all further proceedings in this case.

                              AKERMAN LLP

                              */s/ Brandon G. Forgione*
                              VICTOR R. BERWIN
Florida Bar No.: 823821
*Primary E-mail*: victor.berwin@akerman.com
*Secondary E-mail*: mary.wyatt@akerman.com
BRANDON G. FORGIONE
Florida Bar No.: 85891
*Primary E-mail*: brandon.forgione@akerman.com
*Secondary E-mail*: elisa.waites@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
Facsimile: 561-659-6313
       – and –
WILLIAM P. HELLER
Florida Bar No.: 987263
*Primary E-mail*: william.heller@akerman.com
*Secondary E-mail*:lorraine.corsaro@akerman.com
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301-2229
Telephone: 954-463-2700
Facsimile: 954-463-2224

*Counsel for CMI*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF system on December 30, 2015 on all counsel or parties of record on the Service List below:

/s/ Brandon G. Forgione
Brandon G. Forgione

## SERVICE LIST

Jeffrey N. Golant, Esq.
jgolant@jeffreygolantlaw.com
cklosky@jeffreygolantlaw.com
czanakos@jeffreygolantlaw.com
The Law Offices of Jeffrey N. Golant, P.A.
1999 North University Drive, Suite 213
Coral Springs, Florida 33071
Telephone: (954) 942-5270
Facsimile: (954) 942-5272
*Attorneys for Plaintiff Oneida Lopez*

Jessica L. Kerr, Esq.
jessicakerresquire@gmail.com
Jessica L. Kerr, P.A.
401 East Las Olas Boulevard, Suite 130
Fort Lauderdale, Florida 33301
Telephone: (561) 667-3854
*Attorneys for Plaintiff Oneida Lopez*